IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

-----

No. 01-11134
Conference Calendar

-----

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANET LENELL EASTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-241-1-A
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Janet Lenell Easter appeals her conviction following entry of a guilty plea to a charge of possession with intent to distribute more than fifty grams of cocaine base. Easter contends that the district court participated in the plea negotiations in violation of FED. R. CRIM. P. 11(e)(1).

Rule 11, FED. R. CRIM. P., requires the district court to participate actively in discussions after a plea agreement has been disclosed. United States v. Crowell, 60 F.3d 199, 203 (5th Cir. 1995). However, FED. R. CRIM. P. 11(e)(1) absolutely

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prohibits a district court from participating in or interfering with plea negotiations.  Id.  Although the district court may state reasons for accepting or rejecting a plea agreement, it may not suggest plea agreements that might be acceptable.  Id.

The district court's post guilty plea consideration of the potential sentence Easter faced under the plea agreement as compared to the punishment that Easter would have faced for her conduct as a whole did not constitute participation in plea negotiations in violation of FED. R. CRIM. P. 11(e)(1).  See Crowell, 60 F.3d at 203-04.  The judgment of the district court is AFFIRMED.